24-1925-cv
Platsky v. N.Y. Police Dep't

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

HENRY PLATSKY,

*Plaintiff-Appellant*,

v.                                                    No. 24-1925-cv

CITY OF NEW YORK,

*Interested Party-Appellee,*

NEW YORK POLICE DEPARTMENT, OFFICER WONG TAKKEUNG, POLICE OFFICER JOHN SOTO, LT. OFFICER JERMAINE ODEN, KARIMAH ETORIA,

*Defendants-Appellees,*

OFFICER JOHN DOE, L, SUPERVISING
OFFICER JOHN DOE III, JANE DOE,

     *Defendants.**

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Henry Platsky, *pro se*, New York, NY |
| FOR DEFENDANTS-APPELLEES: | Rebecca L. Visgaitis, Shane Magnetti, of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Henry Platsky, proceeding *pro se*, appeals from a June 24, 2024 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*) dismissing his lawsuit for false arrest under 42 U.S.C. § 1983 and New York state law. We assume the parties' familiarity with the underlying facts and the record

---

\* The Clerk of Court is directed to amend the official case caption as set forth above.

2

of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (quotation marks omitted). We may affirm on any ground supported by the record. *See, e.g.*, *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022).

Platsky's claim of false arrest arises from his February 23, 2020 arrest for assault in the third degree, in violation of New York Penal Law § 120.00. Platsky's second amended complaint alleges that a woman emerged from a restaurant in New York City and "charged at [Platsky] at full speed" while he was walking on the sidewalk ten feet away. ROA Doc. 47 at 2. Platsky alleges that he "had no choice but to put up [his] elbow to protect [him]self," and in doing so "[struck] her on the shoulder." *Id.* The woman followed Platsky up the street for about a block, shouting and threatening him. Soon after a restaurant employee called the police, officers Wong Takkeung and John Soto arrived, followed by Lieutenant Jermaine Oden. Before arresting Platsky, the

3

officers spoke to Platsky, two restaurant employees, and the woman, who claimed that Platsky struck and injured her in the chest with his elbow. The same woman was also arrested, although an officer informed Platsky that "her arrest had nothing to do with [him]." ROA Doc. 47 at 3. Platsky later learned that the District Attorney's Office declined to prosecute him.

Platsky's § 1983 claim for false arrest "derives from his Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause. In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006) (quotation marks omitted). Under New York law, "probable cause is a complete defense to a false arrest claim." *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly*, 439 F.3d at 152 (quotation marks omitted). Even absent probable cause, "[a]n officer is entitled to qualified immunity against a [damages] suit for false arrest if he can

4

establish that he had 'arguable probable cause' to arrest the plaintiff." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (quotation marks omitted).

The individual Appellees had at least arguable probable cause to arrest Platsky for third-degree assault. In New York, a person is guilty of third-degree assault when, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person; or . . . recklessly causes physical injury to another person." N.Y. Penal Law § 120.00(1), (2). To determine the existence of probable cause, we "consider those facts *available to the officer* at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quotation marks omitted). After arriving on the scene of the incident, the Appellees interviewed Platsky, the two restaurant employees, and the putative victim, who claimed that Platsky had struck her. Platsky never denied striking her. "[P]olice officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed," *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000), provided

5

that circumstances do not "raise doubt as to the person's veracity," *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (quotation marks omitted). Thus, based on the putative victim's statement alone, the officers had reason to believe that Platsky "ha[d] committed . . . a crime." *Jaegly*, 439 F.3d at 152.

Platsky argues that the arresting officers were not entitled to rely on the putative victim's statement because it was contradicted by his own claim that he acted in self-defense. But an officer is "not required to explore and eliminate every plausible claim of innocence before making an arrest," *id.* at 153, and "the fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause," *Fabrikant v. French*, 691 F.3d 193, 216 (2d Cir. 2012) (quotation marks omitted). Moreover, "we have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). The officers were also entitled to rely on the putative victim's statement even in the absence of any physical evidence because "the lack of physical evidence of an assault . . . is not fatal to finding arguable probable cause when [the victim] had reported that she had been assaulted." *Betts*, 751 F.3d at 83.

Under these circumstances, "officers of reasonable competence could

6

disagree," *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quotation marks omitted), about whether the Appellees had "knowledge or reasonably trustworthy information of facts and circumstances that . . . [Platsky] ha[d] committed . . . a crime," *Jaegly*, 439 F.3d at 152 (quotation marks omitted). Accordingly, the Appellees had at least arguable probable cause for Platsky's arrest and are entitled to qualified immunity against Platsky's false arrest claims. *Garcia*, 779 F.3d at 92.[1]

## CONCLUSION

We have considered Platsky's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Platsky's complaint also asserts (1) a municipal liability claim against the City of New York, alleging that the City failed "to properly train the officers involved in the arrest"; and (2) § 1983 and state law claims against the putative victim.   ROA Doc. 47 at 1. Because Platsky does not claim error in the dismissal of these claims in his brief on appeal, we consider any such argument abandoned.   *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).   In any event, Platsky's claim against the City fails because a municipal liability claim cannot succeed without an underlying constitutional violation.   *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).